1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                 FOR THE EASTERN DISTRICT OF CALIFORNIA

9   SILVERIO SALDANA,

10          Plaintiff,                    No. 2:12-cv-1789 GGH P

11       vs.

12   E.G. PRIETO, et al.,

13          Defendants.              ORDER

14   _____/

15          Plaintiff appears to be a pre-trial detainee proceeding pro se.  He seeks relief

16   pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to

17   proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302

18   pursuant to 28 U.S.C. § 636(b)(1).  This case is before the undersigned pursuant to plaintiff's

19   consent.  Doc. 4.

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          The court is required to screen complaints brought by prisoners seeking relief

23   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

24   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

25   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

26   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

1

1    U.S.C. § 1915A(b)(1),(2).

2           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

4    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

5    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

6    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

7    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

8    Cir. 1989); Franklin, 745 F.2d at 1227.

9           A complaint must contain more than a "formulaic recitation of the elements of a

10   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

11   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

12   "The pleading must contain something more...than...a statement of facts that merely creates a

13   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

14   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

15   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

16   v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting Twombly, 550 U.S. at 570).  "A

17   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

18   the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

19          In reviewing a complaint under this standard, the court must accept as true the

20   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

21   738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

22   and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

23   1843 (1969).

24          Plaintiff is currently incarcerated at Yolo County jail, therefore the court will

25   assume plaintiff is a pre-trial detainee.  Plaintiff alleges that medical staff at the jail have failed to

26   provide sufficient medical care for his enlarged spleen and the resulting ailments.  While plaintiff

has identified a few specific defendants, plaintiff has failed to identify the specific actions of the
defendants and the specific manner in which the defendants have been deliberately indifferent to
his serious medical needs.  Plaintiff must provide specific reasons and examples of how the
defendant have violated his rights.  Simply stating that defendants have ignored his medical
needs without describing the medical needs is insufficient.  The complaint is dismissed with
leave to file an amended complaint within twenty-eight days of service of this order.  Failure to
file an amended complaint will result in the action being dismissed.

The Ninth Circuit Court of Appeals has made clear that "the 'deliberate
indifference' standard applies to claims that correction facility officials failed to address the
medical needs of pretrial detainees." Clouthier v. County of Contra Costa, 591 F.3d 1232, 1242
(9th Cir. 2010).  See also Simmons v. Navajo County, 609 F.3d 1011, 1017 (9th Cir. 2010)
("Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth
Amendment's protection against cruel and unusual punishment, applies to pretrial detainees, we
apply the same standards in both cases.") (internal citations omitted).

Plaintiff must allege "acts or omissions sufficiently harmful to evidence
deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).
To prevail, plaintiff must show both that his medical needs were objectively serious, and that
defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299,
(1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of
mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4
(1992).

A serious medical need exists if the failure to treat a prisoner's condition could
result in further significant injury or the unnecessary and wanton infliction of pain.  Indications
that a prisoner has a serious need for medical treatment are the following:  the existence of an
injury that a reasonable doctor or patient would find important and worthy of comment or
treatment; the presence of a medical condition that significantly affects an individual's daily

3

1    activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

2    F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

3    (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

4    grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

5               In Farmer v. Brennan, 511 U.S. 825 (1994) the Supreme Court defined a very

6    strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of

7    course, negligence is insufficient.  Farmer, 511 U.S. at 835.  However, even civil recklessness

8    (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should

9    be known) is insufficient.  Id. at 836-37.  Neither is it sufficient that a reasonable person would

10   have known of the risk or that a defendant should have known of the risk.  Id. at 842.

11              It is nothing less than recklessness in the criminal sense-subjective

12   standard-disregard of a risk of harm of which the actor is actually aware.  Id. at 838-842.  "[T]he

13   official must both be aware of facts from which the inference could be drawn that a substantial

14   risk of serious harm exists, and he must also draw the inference."  Id. at 837.  Thus, a defendant

15   is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk

16   by failing to take reasonable measures to abate it."  Id. at 847.  "[I]t is enough that the official

17   acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 842.  If

18   the risk was obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42.

19   However, obviousness per se will not impart knowledge as a matter of law.

20              The Civil Rights Act under which this action was filed provides as follows:

21            Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
22            deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
23            law, suit in equity, or other proper proceeding for redress.

24   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

25   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

26   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

4

(1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

1   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

2   original complaint, each claim and the involvement of each defendant must be sufficiently

3   alleged.

4              In accordance with the above, IT IS HEREBY ORDERED that:

5              1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

6              2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

7   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

8   § 1915(b)(1).  The fee shall be collected and paid in accordance with this court's order to the

9   Sheriff of Yolo County filed concurrently herewith.

10             3.  The complaint is dismissed for the reasons discussed above, with leave to file

11  an amended complaint, within twenty-eight days from the date of service of this order.  Failure to

12  file an amended complaint will result in this action being dismissed.

13  DATED: August 3, 2012

14

15                          /s/ Gregory G. Hollows
                      UNITED STATES MAGISTRATE JUDGE

16  GGH: AB
    sald1789.b

17

18

19

20

21

22

23

24

25

26