1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9   SILVERIO SALDANA,

10          Plaintiff,                    No. 2:12-cv-1789 GGH P

11      vs.

12   E.G. PRIETO, et al.,

13          Defendants.                   ORDER

14   _____/

15          Plaintiff appears to be a pre-trial detainee proceeding pro se.  He seeks relief

16   pursuant to 42 U.S.C. § 1983 and proceeds in forma pauperis.  This case is before the

17   undersigned pursuant to plaintiff's consent.  Doc. 4.  Plaintiff's first amended complaint was

18   dismissed and plaintiff has filed a second amended complaint.

19          The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

24   U.S.C. § 1915A(b)(1),(2).

25          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1   (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

3   490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6         A complaint must contain more than a "formulaic recitation of the elements of a

7   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

8   speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

9   "The pleading must contain something more...than...a statement of facts that merely creates a

10   suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal

11   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient

12   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

13   v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting Twombly, 550 U.S. at 570). "A

14   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

15   the reasonable inference that the defendant is liable for the misconduct alleged." Id.

16         In reviewing a complaint under this standard, the court must accept as true the

17   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

18   738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

19   and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

20   1843 (1969).

21         In the screening order for the first amended complaint the court noted that plaintiff

22   had simply identified his medical ailments, named several defendants and stated that defendants

23   had failed to provide sufficient medical care. In dismissing that complaint with leave to amend

24   the court stated that plaintiff must specifically describe the medical care that was not provided

25   and how it affected his health. Simply stating he did not receive medical care was insufficient.

26   \\\\\

1    Unfortunately, the second amended complaint has failed to cure the deficiencies

2  of the prior complaint.  In fact, the second amended complaint is nearly identical to the first

3  amended complaint.  Plaintiff has again identified his medical problems, which do appear

4  serious, but then just states that several defendants have ignored his medical needs and refused to

5  provide medical attention.  Plaintiff has again failed to describe how defendants have been

6  deliberately indifferent to his serious medical needs; he has merely made a conclusion devoid of

7  facts.  Plaintiff must describe the specific medical problems he had and specifically how

8  defendants failed to treat those problems, and how it affected him.[1]

9    The second amended complaint is dismissed with leave to file a third amended

10  complaint within twenty-eight days of service of this order.  Failure to file a third amended

11  complaint will result in the action being dismissed.  No further amendments will be allowed.

12    The Ninth Circuit Court of Appeals has made clear that "the 'deliberate

13  indifference' standard applies to claims that correction facility officials failed to address the

14  medical needs of pretrial detainees."  Clouthier v. County of Contra Costa, 591 F.3d 1232, 1242

15  (9th Cir. 2010).  See also Simmons v. Navajo County, 609 F.3d 1011, 1017 (9th Cir. 2010)

16  ("Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth

17  Amendment's protection against cruel and unusual punishment, applies to pretrial detainees, we

18  apply the same standards in both cases.") (internal citations omitted).

19    Plaintiff must allege "acts or omissions sufficiently harmful to evidence

20  deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

21  To prevail, plaintiff must show both that his medical needs were objectively serious, and that

22  defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299,

23  (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of

24

25    [1]For example, if upon request on a certain date, a doctor refused to examine plaintiff,
    such would constitute a fact.  But merely stating that a doctor "refused to treat him" is conclusory
26  and does not relate any factual context behind such refusal.

1   mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4

2   (1992).

3         A serious medical need exists if the failure to treat a prisoner's condition could

4   result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

5   that a prisoner has a serious need for medical treatment are the following:  the existence of an

6   injury that a reasonable doctor or patient would find important and worthy of comment or

7   treatment; the presence of a medical condition that significantly affects an individual's daily

8   activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

9   F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

10  (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

11  grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

12        In Farmer v. Brennan, 511 U.S. 825 (1994) the Supreme Court defined a very

13  strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of

14  course, negligence is insufficient.  Farmer, 511 U.S. at 835.  However, even civil recklessness

15  (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should

16  be known) is insufficient.  Id. at 836-37.  Neither is it sufficient that a reasonable person would

17  have known of the risk or that a defendant should have known of the risk.  Id. at 842.

18        It is nothing less than recklessness in the criminal sense-subjective

19  standard-disregard of a risk of harm of which the actor is actually aware.  Id. at 838-842.  "[T]he

20  official must both be aware of facts from which the inference could be drawn that a substantial

21  risk of serious harm exists, and he must also draw the inference."  Id. at 837.  Thus, a defendant

22  is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk

23  by failing to take reasonable measures to abate it."  Id. at 847.  "[I]t is enough that the official

24  acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 842.  If

25  the risk was obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42.

26  However, obviousness per se will not impart knowledge as a matter of law.

4

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

1   vague and conclusory allegations of official participation in civil rights violations are not

2   sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3              In addition, plaintiff is informed that the court cannot refer to a prior pleading in

4   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

5   amended complaint be complete in itself without reference to any prior pleading.  This is

6   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

7   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

8   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

9   original complaint, each claim and the involvement of each defendant must be sufficiently

10  alleged.

11             In accordance with the above, IT IS HEREBY ORDERED that:

12             1.  The second amended complaint is dismissed for the reasons discussed above,

13  with leave to file a third amended complaint, within twenty-eight days from the date of service of

14  this order.  Failure to file a third amended complaint will result in this action being dismissed.

15  No further amendments will be allowed.

16             2.  Plaintiff's motion to have paper, envelopes and postage provided by the court

17  (Doc. 11) is denied.

18  DATED: October 12, 2012

19

20                          /s/ Gregory G. Hollows
                    UNITED STATES MAGISTRATE JUDGE

21  GGH: AB
    sald1789.b2

22

23

24

25

26

                                        6