IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SILVERIO SALDANA,

        Plaintiff,                   No. 2:12-cv-1789 AC P

   vs.

E.G. PRIETO, et al.,

        Defendants.          <u>ORDER</u>

_____/

        Plaintiff appears to be a pre-trial detainee proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and proceeds in forma pauperis. This case is before the undersigned pursuant to plaintiff's consent. ECF No. 4. Plaintiff's first and second amended complaints were dismissed, and plaintiff has now filed a third amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in
2 fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
3 28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.
5 Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
6 inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
7 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint must contain more than a "formulaic recitation of the elements of a
9 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading
11 must contain something more...than...a statement of facts that merely creates a suspicion [of] a
12 legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and
13 Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual
14 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v.
15 Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial
16 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
17 inference that the defendant is liable for the misconduct alleged."  Id.

18    In reviewing a complaint under this standard, the court must accept as true the
19 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
20 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
21 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

22    In the screening order for the first amended complaint the court noted that
23 plaintiff had simply identified his medical ailments, named several defendants and stated that
24 defendants had failed to provide sufficient medical care.  In dismissing that complaint with leave
25 to amend the court explained that plaintiff must specifically describe the medical care that was
26 not provided and how it affected his health.  Simply stating he did not receive medical care was

insufficient. Plaintiff then filed a second amended complaint, which was dismissed for failing to cure the deficiencies of the prior complaint. Plaintiff was granted one more opportunity to file an amended complaint and was specifically advised that no further amendments would be allowed.

In the factually-sparse third amended complaint now before the court, plaintiff claims that he suffers from a variety of ailments including abdominal pain due to an enlarged spleen, hepatitis C, and advanced liver disease. He alleges that on September 28, 2011, defendant Dr. Tom Kiu interviewed plaintiff and ignored his medical files. He also alleges that on December 12, 2011, defendant Medical Program Manager Jodel Jencks was provided with plaintiff's medical file and was asked by an unidentified attorney to examine plaintiff, but did not examine plaintiff. Lastly, plaintiff asserts that Sheriff Prieto has authority over all employees at jail and is liable for negligent, cruel and unusual punishment.

The Ninth Circuit Court of Appeals has made clear that "the 'deliberate indifference' standard applies to claims that correction facility officials failed to address the medical needs of pretrial detainees." Clouthier v. County of Contra Costa, 591 F.3d 1232, 1242 (9th Cir. 2010). See also Simmons v. Navajo County, 609 F.3d 1011, 1017 (9th Cir. 2010) ("Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial detainees, we apply the same standards in both cases.") (internal citations omitted).

Plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Indications that a prisoner has a serious need for medical treatment are the following:  the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835.  However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient.  Id. at 836-37.  Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk.  Id. at 842.  Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety."  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal citation omitted)

The defendant's actual awareness of the risk of harm is key.  See Farmer, 511 U.S. at 838-842.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 847.  If the risk was obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42.  However, obviousness per se  not impart knowledge as a matter of law.

The Civil Rights Act under which this action was filed provides as follows:

4

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's third amended complaint fails to meet these standards. While plaintiff has alleged that he suffers from undisputably serious chronic medical conditions, he has not specified what serious medical need he experienced on the dates in question or what treatment was required at that time to prevent further harm. Plaintiff also fails to assert any facts that would establish deliberate indifference, and the few facts that are alleged do not establish a culpable state of mind. For example, that Dr. Tom Kiu and Jodel Jencks reviewed plaintiff's medical file and did not provide (unspecified) treatment establishes neither that these defendants

were aware of a substantial risk of serious harm or that they deliberately disregarded the risk. Although the court recognizes that plaintiff has attached numerous exhibits to his third amended complaint, the court will not cobble together a claim from the exhibits where no claim is actually pled. The court notes that the medical records provided in the exhibits appear to predate plaintiff's incarceration and the encounters with the defendants that give rise to his claims. Lastly, plaintiff's claim against Sheriff Prieto fails to establish a causal link between him and any alleged constitutional violation.

On dismissal of his second amended complaint, plaintiff was warned that no further amendments would be allowed. In light of plaintiff's failure to again allege sufficient facts to state a claim, the court will dismiss the third amended complaint without leave to amend.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's third amended complaint is dismissed without leave to amend.

DATED: February 6, 2013.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;sald1789.b3